IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELONY LYNN JONES,

        Plaintiff,

v.                                    Case No.  26-2147-JWB

IGNITE MEDICAL RESORTS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's response to the court's order to show cause. (Doc. 7.)  After review, the court transfers this matter to the Western District of Missouri.

**I.      Facts and Procedural History**

Plaintiff is proceeding pro se and in forma pauperis in this matter against her former employer.  Plaintiff brings claims of race discrimination under Title VII.  According to her complaint, Plaintiff was employed by Defendant in Kansas City, Missouri, and further alleges that the discriminatory conduct occurred in Kansas City, Missouri.  (Doc. 1 at 2.)  Plaintiff resides in St. Joseph, Missouri.

On March 26, 2026, Magistrate Judge Jennifer Wieland screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Upon review, the facts in the complaint did not sufficiently show that venue was proper in this court.  Magistrate Judge Wieland ordered Plaintiff to show cause why this matter should not be transferred to the Western District of Missouri or dismissed for improper venue.  Plaintiff filed a response to the show cause order on April 1, 2026.

1

## II.	Analysis

Plaintiff's claim arises under Title VII which has its own venue statute.  Under that statute, venue is proper in the district where the unlawful employment practice allegedly occurred, where the employment records are maintained, or where the plaintiff would have worked but for the alleged unlawful practice.  42 U.S.C. § 2000e-5(f)(3).  There is also a catch all provision that is applicable when a defendant is not found in any "such district." *Id.*  After review of the complaint, it is clear that the allegations all involve wrongful conduct that occurred in Kansas City, Missouri. None of Plaintiff's allegations involve the state of Kansas.  Plaintiff was ordered to show cause to the court and she filed a very brief response.  Plaintiff's response states that Defendant has two other locations in this district. (Doc. 7.)  Other than listing those locations, Plaintiff fails to address how venue is proper in this court under Title VII's venue provision.  Plaintiff does not allege in her complaint nor does she assert in the response to the show cause order that she worked in Kansas.  Therefore, it is clear that venue is improper in this district.

Pursuant to 28 U.S.C. § 1406(a), if venue is improper, the court may transfer the action to a district in which the action might have been brought if it serves "the interest of justice."  A court should usually "transfer an action, rather than dismiss it for improper venue." *Weber v. Ideker, Inc.*, 978 F. Supp. 1419, 1420 (D. Kan. 1997) (citation omitted).  Here, due to the time limitations on filing employment discrimination claims, Plaintiff may be prejudiced if the court were to dismiss her claim.  Therefore, transfer is appropriate. *See id.*

Because Plaintiff's complaint alleges that discriminatory conduct occurred in Kansas City, Missouri, Plaintiff could have brought this action in the Western District of Missouri.  Therefore, the court finds that this matter should be transferred to that district.

2

**III.     Conclusion**

The clerk is to transfer this action to the Western District of Missouri.

IT IS SO ORDERED.  Dated this 30th day of April, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE

3