**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| MELONY LYNN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00369-RK |
| | ) | |
| IGNITE MEDICAL RESORTS, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

This case comes before the Court upon review of the docket and Plaintiff Melony Lynn Jones's pro se motion for leave to proceed *in forma pauperis*, (Doc. 3). After careful consideration and review, and for the reasons explained below, the Court **ORDERS** that Plaintiff is directed to file an amended complaint that addresses the pleading deficiencies identified below due on or before June 17, 2026.

### Discussion

Title 28 U.S.C. § 1915(a)(1) authorizes the Court to allow indigent persons to commence a civil action without the prepayment of costs. However, "[t]he opportunity to proceed *in forma pauperis* is a privilege, not a right." *Weaver v. Pung*, 925 F.2d 1097, 1099 n.4 (8th Cir. 1991). When presented with a motion to proceed *in forma pauperis*, the Court first determines whether the plaintiff satisfies the economic eligibility requirements. If the applicant meets the economic eligibility requirements, the Court then determines whether the applicant's complaint is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

On March 26, 2026, Magistrate Judge Jennifer B. Weiland of the United States District Court for the District of Kansas granted Plaintiff's motion to proceed *in forma pauperis*, finding that "Plaintiff has shown a financial inability to pay the required filing fees." (Doc. 6 at 1.) However, the court noted that "the Complaint alleges that the discriminatory actions culminating in [Plaintiff's] termination occurred in Kansas City, Missouri," and thus ordered Plaintiff to show cause "why this matter should not be transferred to the Western District of Missouri." (*Id.* at 2-3.) On April 30, 2026, District Judge John W. Broomes ordered that this action be transferred to the

Western District of Missouri.  (Doc. 8.)  The District of Kansas did not otherwise screen Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the Court adopts the prior finding that Plaintiff meets the economic requirements to proceed *in forma pauperis*, but now proceeds to consider Plaintiff's complaint under the *in forma pauperis* screening review established by 28 U.S.C. § 1915(e)(2)(B) prior to ordering service upon the Defendant.  That is, the Court next considers whether Plaintiff's pro se complaint is otherwise subject to dismissal because it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

In the form civil employment discrimination complaint, Plaintiff asserts a claim for employment discrimination under Title VII of the Civil Rights Act of 1964 on the basis of race or color.  *See* 42 U.S.C. § 2000e, *et seq*.  Specifically, Plaintiff alleges wrongful termination of her employment based on her race, "Black."  (Doc. 1 at 3.)  In the narrative section of the form complaint, Plaintiff alleges

> I Melony L. Jones was treated differently . . .[1] than any other nurse.  I was treated poorly nurses was calling in/no show and was still able to keep a job.  I was terminated after being put on a leave of absence related to a short hospital stay.

(*Id.* at 4.)  The foregoing is the entirety of the factual allegations in Plaintiff's narrative section. Plaintiff alleges the wrongful termination occurred on May 6, 2025.  Plaintiff seeks unspecified monetary damages.  (*Id.* at 5.)

For an *in forma pauperis* complaint to proceed beyond the Court's initial screening review pursuant to 28 U.S.C. § 1915(e)(2)(B), the complaint "must include 'enough facts to state a claim to relief that is plausible on its face.'"  *McNeal v. Nitto, Inc.*, No. 4:19-CV-00125-DGK, 2019 WL 1767575, at *1 (W.D. Mo. Apr. 22, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In reviewing the complaint, the Court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor.  *Monson v. Drug Enf't Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).  When appropriate, courts should construe "civil-rights and discrimination claims charitably."  *See Shannon v. Ford Motor Co.*, 72 F.3d 678, 685 (8th Cir. 1996).  This liberal-construction rule "stems from the rather fundamental policy that mere vagueness in a pro se claim should not sound the death knell for the plaintiff's discrimination allegation."  *Id.* (quoting *Pickney*

---

[1] Another word appears between "differently" and "than," however, the Court cannot discern Plaintiff's handwriting in this instance.

2

*v. Am. Dist. Telegraph Co. of Ark.*, 568 F. Supp. 687, 690 (E.D. Ark. 1983)). "But there is a difference between liberally reading a claim which 'lacks specificity,' and inventing, *ex nihilo*, a claim which simply was not made." *Shannon*, 72 F.3d at 685 (internal citation omitted).

Plaintiff's form employment discrimination complaint, as submitted, does not contain sufficient factual content and allegations of fact to state a plausible claim for relief under Title VII. To establish "a prima facie case of race or color discrimination under Title VII," which makes it unlawful for employers to "discharge any individual, or otherwise to discriminate against any individual" because of race, 42 U.S.C. § 2000e-2(a)(1), Plaintiff must allege facts plausibly indicating that "(1) [s]he is a member of a protected class; (2) [s]he met h[er] employer's legitimate expectations; (3) [s]he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Johnson v. Westinghouse Air Brake Techs. Corp.*, 104 F.4th 674, 677-78 (8th Cir. 2024).

In the case at hand, Plaintiff pleads that she is Black and that she was "treated differently" than other nurses. However, additional factual content is lacking. Plaintiff does not allege any facts surrounding her termination and how this connects to discrimination based on her race or color, including whether the other nurses were not members of a protected class. Plaintiff does not plead any facts related to whether she met her employer's legitimate expectations. And finally, it is not clear how Plaintiff's claim that she was terminated after a short hospital stay is related to her race and alleged wrongful termination under Title VII.

Secondly, an important component of every employment-discrimination claim asserted under Title VII is that a plaintiff has properly exhausted her administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission before filing an employment-discrimination lawsuit. *See Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011) (Title VII administrative exhaustion requirement). In the form complaint Plaintiff indicates that she filed a formal charge of discrimination, however Plaintiff does not list the date it was filed, nor did Plaintiff attach the charge of discrimination to her complaint. (Doc. 1 at 2.) Plaintiff did, however, attach to the form complaint a Notice of Right to Sue Letter from the EEOC dated February 20, 2026. (Doc. 1-1.) However, "[w]ithout the charge, there is no way to ascertain whether Plaintiff's claims in [her] complaint are like or reasonably related to the claims outlined in [her] charge, and therefore properly exhausted." *Gant v. Clayco, Inc.*, No. 4:20-CV-00909 JCH, 2021 WL 4148344, at *2 (E.D. Mo. Sept. 13, 2021).

3

For the reasons stated above, Plaintiff's complaint is subject to dismissal under the Court's initial *in forma pauperis* review pursuant to § 1915(e)(2)(B).  Nevertheless, the Court will permit Plaintiff, who is proceeding *pro se*, the opportunity to file an amended complaint that addresses the deficiencies identified above.

To file an amended complaint, Plaintiff should use the form complaint for Employment Discrimination actions (a copy of which the Court will provide to Plaintiff).  Plaintiff should include a sufficient statement of factual allegations that plausibly supports *any* and *all* individual claims she seeks to assert under Title VII.  Each specific claim must be supported by sufficient facts to plausibly support a claim for relief.  In addition, Plaintiff must also attach to any such amended complaint both the underlying Charge of Discrimination she filed with the EEOC *and* the EEOC's corresponding Notice of Right to Sue letter to show that she has properly exhausted the required administrative remedies for and has timely brought any and all specific claims for relief asserted in this lawsuit.  Plaintiff is instructed and cautioned that any such amended complaint she files will supersede and replace the original complaint.  She should therefore be careful to include in the amended complaint *all* claims, with sufficient supporting factual allegations, for which she seeks relief.

### Conclusion

Accordingly, after careful consideration and for the reasons explained above, the Court **ORDERS** that Plaintiff file an amended complaint that addresses the pleading deficiencies identified above due on or before June 17, 2026.  Failure to file the required amended complaint may result in the dismissal of this action without further notice.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  May 18, 2026

4